UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ADOLPH BRYANT, JR.                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO.4:04CV66-WAP-JAD

CHRISTOPHER EPPS, et al                                                              DEFENDANTS

REPORT AND RECOMMENDATION

The defendants at long last, long after the expiration of the motions deadline have filed a motion for summary judgment in this action (Doc. 65). The plaintiff has responded.[1]

SUMMARY JUDGMENT STANDARDS

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing

---

[1] The plaintiff complains about the tardiness of the motion. The rules allow, but do not require the court to deny motions because they are untimely. Where the motion is meritorious and will save the court and the parties the time and expense of a needless, futile trial, the motion should be granted.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986) If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[2] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must

---

[2] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

be granted. These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

The plaintiff in his complaint makes conclusory allegations about constitutional violations committed by the defendants. He accuses them of violating his procedural and substantive due process rights and oppressing him. The facts he alleges are that in the 1990's the defendants conspired against him and wrongfully denied him various time credits toward his parole and release dates. He never alleges when either of those two dates should be according to his calculations.

The undersigned noted that these complaints appeared to be a habeas corpus petition. On August 22, 2005, an order was entered advising the plaintiff that his complaint did not appear to be a proper § 1983 action. He was directed to provide the court with information to show that he had exhausted his state remedies. He appealed the order, but never complied with it. He also never sought or obtained a stay of the order, pending the appeal to the district judge.

The defendants in their motion for summary judgment allege that making the calculations for Bryant's parole and discharge date, by their procedures, has resulted in more favorable parole eligibility and discharge dates, than by Bryant's method. Bryant's response is confusing. He states

> "The facts with-in Plaintiff's § 1983 'clearly' and 'unequivacally' shows, establishes, and demonstrates that the plaintiff is not challenging his release date(s) or his parole eligibility date: That was done under the Administrative Remedy Program at MDOC. What Plaintiff is Challenging in this civil action suit is the <u>PROCEDURES</u> By which the defendant used to increase his parole eligibility by seven 71/2 longer than a person serving a life sentence and denial of earn-time credit of Three(3) years and Three Months required under legislative law." (Response to Motion for Summary Judgment)

If by this statement Bryant means to suggest that his parole eligibility and discharge dates were once erroneous and were corrected in the ARP procedures, then his complaint is frivolous, should be

dismissed prejudice and counted as a strike. Having to resort to administrative remedies to correct an error in the manner these dates were calculated is not a violation of his constitutional rights.

If Bryant means to assert both that he is not challenging these parole and discharge dates and also that they are in fact substantially wrong, then his complaint just simply makes no sense at all. As such it has no reasonable basis in fact, law or logic and should be dismissed with prejudice as frivolous and counted as a strike.

If Bryant's complaint is that the Mississippi legislature changed the law relating to time credits and parole and the change worked to his disadvantage, he has not set forth how this legislation is in any manner invalid or violates his constitutional rights. Mere conclusory allegations are insufficient to state a claim under §1983. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

The undersigned recommends that the motion for summary judgment be granted and the plaintiff's complaint dismissed with prejudice as frivolous under 28 U.S.C. §1915(d).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal

4

of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 25th day of September, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE